LEIGH T. GODDARD (NV Bar No. 6315)
LAURA R. JACOBSEN (NV Bar No. 13699)
JANE SUSSKIND (NV Bar No. 15099)
**McDONALD CARANO LLP**
100 W. Liberty St., Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
lgoddard@mcdonaldcarano.com
ljacobsen@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
*Attorneys for Plaintiff R.F. MacDonald Co.
and Cleaver-Brooks, Inc.*

SALLY A. PIEFER (WI Bar No. 1023257)
*Admitted Pro Hac Vice*
**LINDNER & MARSACK, S.C.**
411 E. Wisconsin Ave., Suite 1800
Milwaukee, WI 53202
Telephone: (414) 273-3910
spiefer@lindner-marsack.com
*Attorneys for Plaintiff Cleaver-Brooks, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \*

| | |
|---|---|
| R.F. MACDONALD CO., and CLEAVER-BROOKS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA BOILER SERVICE, INC., PYRO COMBUSTION AND CONTROLS, INC., CANDICE GEORGE, THOMAS WILEY, and GARY PFIZENMAYER,<br><br>Defendants. | Case. No. 3:21-CV-00045-APG-WGC<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO SEAL CERTAIN EXHIBITS ATTACHED TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

## INTRODUCTION

Pursuant to Local Rule IA 10-5, Plaintiffs R.F. MacDonald Co. ("MacDonald") and Cleaver-Brooks, Inc. ("Cleaver-Brooks") (together, "Plaintiffs") hereby move for permission to seal certain exhibits attached to Plaintiffs' Motions for Temporary Restraining Order and/or Preliminary Injunction (ECF Nos. 3, 4) (the "Motions"). These exhibits are identified in the Motions as Exhibits 5, 6, 7, 8, and 11. Each has been submitted in paper form to Chambers pursuant to Local Rule IC 2-2(g) and LR IA 10-3(j), and served on the Defendants in accordance with LR 4-1(c)(4).

Plaintiffs respectfully submit that this Motion for Leave to File Under Seal should be granted by this Court as the exhibits identified below each contain confidential and proprietary trade secret information that would be highly valuable to competitors of Plaintiffs and would greatly diminish the value of such information to Plaintiffs should it become available to the public. In addition, as the Motions each seek equitable relief necessary to prohibit further irreparable harm to Plaintiffs' relationships with their customers, sealing of the exhibits is necessary to prevent further damage to such relationships by virtue of disclosing their identities in the public record.

## ARGUMENT

"The court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed R. Civ. P. 26(c). While there is a presumption in favor of allowing public access to court records, the presumption is overcome "when court records may be used to . . . release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Thus, in circumstances such as here where exhibits containing trade secrets or other confidential business information would be released as part of the Court's record, an order from the Court sealing those documents is necessary. *See Desert Palace, Inc. v. Michael*, No. 2-16-CV-00462-JAD-GWF, 2017 WL 376146, at *1 (D. Nev. Jan. 24, 2017) (granting a motion to seal where the exhibits were "trade secrets or confidential proprietary information").

Under Nevada and federal law, a trade secret is information whose value is derived from not being generally known, or readily ascertainable, except by those who can obtain economic value from its disclosure or use, and is reasonably maintained as secret. NRS 600A.030(5); 18 U.S.C. § 1836(3). Here, each of the identified exhibits identifies at least one of Plaintiffs' customers by name, including one document that lists dozens of such customers and the confidential information pertaining to each that Plaintiffs maintain was misappropriated by Defendants. The confidentiality of this information is of the utmost value to Plaintiffs for two reasons.

First, if confidential information pertaining to Plaintiffs' customers is available to competitors, those competitors could use that information to interfere with Plaintiffs' client relationships by unfairly competing for the customers' business. Plaintiffs demonstrated in the Motions that Defendants have already used misappropriated information to solicit business from at least nine of MacDonald's customers, many of which are also Cleaver-Brooks' customers. As a result, Plaintiffs have already suffered significant harm. Further, Plaintiffs' relationships with the customers listed in the exhibits are particularly vulnerable because confidential information pertaining to them has been misappropriated. Placing this information in the public record will serve only to place those relationships at further risk.

Second, Plaintiffs' success relies on Plaintiffs' robust relationships with their customers, the goodwill inherent in those relationships, and the trust that customers have in Plaintiffs to protect their confidential information. If Plaintiffs' customer information is made public, it will erode current and prospective customers' trust that Plaintiffs can maintain the confidentiality of customer information. It will also erode Plaintiffs' established goodwill with those customers and harm the very relationships that are at their most vulnerable. Thus, placing this information in the public record will further undermine Plaintiffs' ability to compete for the continued business of its current customers and for the business of prospective customers. It is for these reasons that Plaintiffs went to great lengths to keep such information confidential, such as securing customer information with password protections and requiring that employees adhere to confidentiality policies and agreements.

For these reasons, the identified exhibits contain trade secrets and should be filed under seal, as they are confidential, economically valuable, and are maintained as confidential by Plaintiffs. These exhibits are:

| EXHIBIT | DESCRIPTION | REDACTION |
|---|---|---|
| 5 | Screenshot of Defendants' DropBox Account showing titles of files and folders contained therein | Names of 24 Plaintiffs' customers |
| 6 | Table of documents and folders contained in Defendants' DropBox Account, with descriptions | Names of 28 Plaintiffs' customer |
| 7 | Email correspondence between Defendants and Plaintiff's customer | Name of Plaintiffs' customer |
| 8 | Internal MacDonald Sales Personnel Expense Report | Name of two Plaintiffs' customers and their contact persons |
| 11 | Emails from Defendant Candice George's MacDonald email account to her email account with Defendant Sierra Boiler Service | Name of Plaintiffs' customer |

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court grant it leave to file certain exhibits in Plaintiff's' Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF Nos. 3, 4) under seal, consisting of Exhibits 5, 6, 7, 8, and 11.

Dated: January 22, 2021                    McDONALD CARANO LLP

/s/ *Laura Jacobsen*
Leigh T. Goddard (NV Bar No. 6315)
Laura R. Jacobsen (NV Bar No. 13699)
Jane Susskind (NV Bar No. 15099)
100 West Liberty Street | Tenth Floor
Reno, NV 89501
(775) 788-2000
*Attorneys for Plaintiffs R.F. MacDonald Co. and Cleaver-Brooks, Inc.*

4

# **CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b), I hereby certify that I am an employee of McDONALD CARANO LLP and that on January 22, 2021, I certify that I was caused to be delivered in the United States mail, enclosed in a sealed envelope, upon which first class postage was placed, a true copy of Notice of Corrected Image addressed to the following individuals at their last known address as follows:

>Thomas Wiley
>331 Omni Drive
>Sparks, NV  89441
>
>Candice George
>590 Slip Mine St.
>Wadsworth, NV  89442
>
>George Pfizenmayer
>2969 S. Highland Drive
>Las Vegas, NV  89109
>
>Pyro Combustion and Controls, Inc.
>c/o George Pfizenmayer
>2969 S. Highland Drive
>Las Vegas, NV  89109
>
>Sierra Boiler Services, Inc.
>George Pfizenmayer
>2969 S. Highland Drive
>Las Vegas, NV  89109

/s/ *Andrea Black*
Andrea Black