UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| R.F. MACDONALD CO., CLEAVER-BROOKS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>SIERRA BOILER SERVICE, INC., PYRO COMBUSTION AND CONTROLS, INC., CANDICE GEORGE, THOMAS WILEY, and GARY PFIZENMAYER, <br><br>Defendants. | Case. No. 3:21-CV-00045-APG-WGC <br><br>**Temporary Restraining Order** <br><br>[ECF No. 3] |

Plaintiffs R.F. MacDonald Co. and Cleaver-Brooks, Inc. (collectively, Plaintiffs) seek a temporary restraining order (TRO) against Defendants Sierra Boiler Service, Inc., Pyro Combustion and Controls, Inc., Candice George, Thomas Wiley, and Gary Pfizenmayer (collectively, Defendants) based on alleged misappropriation of Plaintiffs' confidential and trade secret information and on Wiley and George's alleged breach of their agreements with Cleaver-Brooks containing non-competition and non-solicitation clauses (the Cleaver-Brooks Contract).

During the February 4, 2021 TRO hearing, I stated on the record my finding and conclusions and granted the TRO motion in part. This TRO summarizes those findings and conclusions.

To obtain a TRO, a party must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the movant, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under a sliding scale approach, the movant must demonstrate: (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the

plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  I find as follows:

    1.    It appears likely that Plaintiffs will succeed on the merits of their claim that the Defendants misappropriated Plaintiffs' confidential and trade secret information. Plaintiffs presented evidence that George and Wiley, and therefore Sierra, transferred Plaintiff's confidential and trade secret information into a personal DropBox account. Plaintiffs appear likely to succeed on the merits of their claim that Pfizenmayer and Pyro knew about George's and Wiley's misconduct and had access to the DropBox account that contained the confidential information.

    2.    It appears likely that Plaintiffs will succeed on the merits of their claim that George and Wiley breached the non-competition and non-solicitation clauses of the Cleaver-Brooks Contract. The Cleaver-Brooks contract was supported by valuable consideration, and the restraint imposed is sufficient to protect Plaintiffs' interest and is not overly broad as to scope. The time and geographical restrictions appear reasonable for this industry and allow Defendants to earn a living in similar or other employment. Even if Plaintiffs have not established a likelihood of success, they have established serious questions on the merits of this claim.

    3.    Defendants' continuing possession and use of Plaintiffs' trade secret and confidential information will result in immediate and irreparable injury to Plaintiffs in the form of lost income, loss of goodwill, loss of property interest in the information, and damage to Plaintiffs' relationships with their customers. These types of damages are not readily quantifiable in money damages.

    4.    George and Wiley's continuing actions in breach of the Cleaver-Brooks Contract will result in immediate and irreparable injury to Plaintiffs in the form of lost income, loss of goodwill, loss of property interest in the information, and damage to Plaintiffs' relationships

with their customers during the one-year period covered by the non-competition and non-solicitation covenants. These types of damages are not readily quantifiable in money damages.

5. The balance of hardships tips sharply in Plaintiffs' favor. Defendants admit that George improperly took Plaintiffs' confidential, trade-secret information. George and Wiley appear to be in breach of their contractual agreement not to compete or solicit Plaintiffs' customers. The terms of the non-competition and non-solicitation clauses are not unnecessarily restrictive. George and Wiley can still do business in other bordering states, including California, or in a non-competitive capacity. Enjoining them from violating their contractual obligations therefore imposes little hardship on them while preserving the status quo until a preliminary injunction hearing.

6. Public policy favors the enforcement of contracts, especially where trade secret information is involved.

7. It appears that Defendants are using Plaintiffs' confidential information to compete with Plaintiffs and solicit their customers, and that they will continue to do so unless restrained by the court.

I HEREBY ORDER Defendants, their agents, servants, employees, confederates, partners, attorneys, and any person acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise, to immediately preserve any and all evidence of the misappropriation, including but not limited to the DropBox account, the DropBox activity logs, and emails containing Plaintiffs' confidential, trade-secret information.

I HEREBY RESTRAIN Defendants, their agents, servants, employees, confederates, partners, attorneys, and any person acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise, from:

- Using, accessing, altering, destroying, transferring, disclosing or disseminating any of Plaintiffs' information or any reproduction or copy thereof; and
- Permitting, allowing, or encouraging anyone else to use, access, alter, destroy, transfer, disclose or disseminate Plaintiffs' information or any reproduction or copy thereof.

I HEREBY RESTRAIN defendants George and Wiley, their agents, servants, employees, confederates, partners, attorneys, and any person acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise from:

- breaching the Cleaver-Brooks Contract.
- directly or indirectly soliciting the business of any of Plaintiffs' customers to which George or Wiley provided services as a MacDonald employee during their final one-year period of their employment.
- becoming associated with or providing assistance to any of Plaintiffs' competitors for the purposes of assisting such competitor to compete with Plaintiffs in the State of Nevada.

There are two exceptions to this restraint. First, if Plaintiffs are unable to service a customer, Defendants may service that customer because their services would not, in this limited situation, be in competition with Plaintiffs. Second, Defendants may do business with a former MacDonald/Cleaver-Brooks customer if that customer voluntarily leaves MacDonald/Cleaver-Brooks and seeks Defendants' services "without any contact instigated by [Defendants]." NRS 613.195(2)(c).

For purposes of clarity, this Order does not act to restrain Pyro or Pfizenmayer from operating their pre-existing business in competition with Plaintiffs without the association or assistance of George and/or Wiley, provided that Pyro and Pfizenmayer abide by this TRO in all other respects.

4

This Temporary Restraining Order is effective immediately. Plaintiffs shall filing an undertaking in the sum of $2,000 forthwith.

DATED this 8th day of February, 2021, *nunc pro tunc* to 4:45 p.m. on February 4, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE