UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| R.F. MACDONALD CO., CLEAVER-BROOKS, INC., | Case. No. 3:21-CV-00045-APG-WGC |
| Plaintiffs, | **Preliminary Injunction** |
| v. | [ECF No. 4] |
| SIERRA BOILER SERVICE, INC., PYRO COMBUSTION AND CONTROLS, INC., CANDICE GEORGE, THOMAS WILEY, and GARY PFIZENMAYER, | |
| Defendants. | |

Plaintiffs R.F. MacDonald Co. and Cleaver-Brooks, Inc. (collectively, Plaintiffs) seek a preliminary injunction against defendants Sierra Boiler Service, Inc., Pyro Combustion and Controls, Inc., Candice George, Thomas Wiley, and Gary Pfizenmayer (collectively, Defendants) based on alleged misappropriation of Plaintiffs' confidential and trade secret information and on Wiley and George's alleged breach of their agreements with Cleaver-Brooks containing non-competition and non-solicitation clauses (the Cleaver-Brooks Contract).

I conducted an evidentiary hearing on March 1 and 2, 2021. At the end of that hearing, I stated on the record my finding and conclusions and granted the motion in part. This Preliminary Injunction order summarizes those findings and conclusions.

To obtain a preliminary injunction, a party must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the movant, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the movant must demonstrate: (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of

hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  I find as follows:

    1.    It appears likely that Plaintiffs will succeed on the merits of their claim that the Defendants misappropriated Plaintiffs' confidential and trade-secret information. Plaintiffs presented evidence that George and Wiley, and therefore Sierra, transferred Plaintiffs' confidential and trade secret information into a personal DropBox account.  Plaintiffs appear likely to succeed on the merits of their claim that Pfizenmayer and Pyro knew about George's and Wiley's misconduct and had access to the DropBox account that contained the confidential information.

    2.    Defendants' continuing possession and use of Plaintiffs' trade secret and confidential information will result in immediate and irreparable injury to Plaintiffs in the form of lost income, loss of goodwill, loss of property interest in the information, and damage to Plaintiffs' relationships with their customers.  These types of damages are not readily quantifiable in money damages.

    3.    The balance of hardships tips sharply in Plaintiffs' favor with regard to Plaintiffs' confidential, trade-secret information.  Defendants admit that George improperly took that information.  George admits it was wrong and she agrees to return it.

    4.    Public policy favors the protection of trade secret information.

    5.    It appears that Defendants had used and may continue to use Plaintiffs' confidential information to compete with Plaintiffs unless restrained by the court.

I HEREBY ORDER Defendants, their agents, servants, employees, confederates, partners, attorneys, and any person acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise, to immediately preserve all evidence of the

misappropriation, including the DropBox account, the DropBox activity logs, and emails containing Plaintiffs' confidential, trade-secret information.

I HEREBY RESTRAIN Defendants, their agents, servants, employees, confederates, partners, attorneys, and any person acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise, from:

- Using, accessing, altering, destroying, transferring, disclosing, or disseminating any of Plaintiffs' information or any reproduction or copy thereof; and
- Permitting, allowing, or encouraging anyone else to use, access, alter, destroy, transfer, disclose, or disseminate Plaintiffs' information or any reproduction or copy thereof.

This Preliminary Injunction is effective immediately. The cash deposits previously posted by Plaintiffs (ECF Nos. 32, 35) shall remain with the court as security for the injunction.

I HEREBY ORDER that all other terms of my previous Temporary Restraining Order (ECF No. 30) are vacated.

DATED this 3rd day of March, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE