LEIGH T. GODDARD (NV Bar No. 6315)
JANE SUSSKIND (NV Bar No. 15099)
**McDONALD CARANO LLP**
100 W. Liberty St., Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
lgoddard@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com
*Attorneys for Plaintiff R.F. MacDonald Co.
and Cleaver-Brooks, Inc.*

SALLY A. PIEFER (WI Bar No. 1023257)
*Admitted Pro Hac Vice*
**LINDNER & MARSACK, S.C.**
411 E. Wisconsin Ave., Suite 1800
Milwaukee, WI 53202
Telephone: (414) 273-3910
spiefer@lindner-marsack.com
*Attorneys for Plaintiff Cleaver-Brooks, Inc.*

SHAUNA N. CORREIA (NV Bar No. 9874)
JAMES KACHMAR (NV Bar No. 6369)
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
475 Sansome St., Suite 510
San Francisco, CA 94111
Telephone: (415)772-9655
scorreia@weintraub.com
jkachmar@weintraub.com
*Attorneys for Plaintiff R.F. MacDonald Co.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| R.F. MACDONALD CO., CLEAVER-BROOKS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SIERRA BOILER SERVICE, INC., PYRO COMBUSTION AND CONTROLS, INC., CANDICE GEORGE, THOMAS WILEY, and GARY PFIZENMAYER, <br><br> Defendants. | Case. No. 3:21-CV-00045-APG-WGC <br><br> **STIPULATION AND ORDER FOR ENTRY OF CONSENT JUDGMENT IN FAVOR OF PLAINTIFFS R.F. MACDONALD CO. AND CLEAVER-BROOKS, INC.** |

{3203751.DOCX:}

## STIPULATION FOR ENTRY OF CONSENT JUDGMENT

Plaintiffs R.F. MacDonald Co. ("MacDonald") and Cleaver-Brooks, Inc. ("Cleaver-Brooks", and together with MacDonald, the "Plaintiffs") and Defendants Sierra Boiler Service, Inc., Pyro Combustion and Controls, Inc., Candice George ("George"), Thomas Wiley ("Wiley"), and Gary Pfizenmayer (collectively, "Defendants"), by and through their undersigned counsel of record, stipulate and agree as follows:

1. On January 19, 2021, Plaintiffs filed a Complaint for injunctive relief and damages against Defendants. (*See* Compl. ECF No. 1.) On January 19, 2021, the Plaintiffs filed a Motion for Temporary Restraining Order (*see*, ECF No. 3) and a Motion for Preliminary Injunction ("PI") (*see*, ECF N. 4), which Defendants opposed in part (*See*, Response, ECF No. 24). A Temporary Restraining Order ("TRO") was issued on February 8, 2021. (*See*, TRO, ECF No. 30.) On March 1, 2021 and March 2, 2021, a hearing was held on Plaintiffs' Motion for Preliminary Injunction ("PI"). On March 3, 2021, the Court granted a Preliminary Injunction. (*See*, ECF No. 38.) On March 30, 2021, Plaintiffs filed an Amended Complaint (ECF No. 45) removing certain of MacDonald's claims against Wiley and George, individually, which are subject to the parties' arbitration agreement, and initiated those individual claims against Wiley and George, individually, before the American Arbitration Association ("AAA"). Thereafter, the parties engaged in settlement negotiations and stipulated to stay this case and the AAA claims. (*See*, ECF No. 57.)

2. This Court has subject-matter and personal jurisdiction over the Defendants.

3. Without admitting liability, Defendants nevertheless wish to resolve this matter and they hereby consent to entry of judgment in the above-captioned case and entry of the following Consent Judgment against them. Plaintiffs desire to resolve their claims without further litigation. The parties therefore executed a Memorandum of Understanding on June 25, 2021 and a Settlement Agreement on July 19, 2021.

4.    Entry of this Consent Judgment will resolve this civil action and the claims raised in the Amended Complaint. The parties' Settlement Agreement additionally provides for resolution of MacDonald's claims in the AAA arbitration claims against Wiley and George.

5.    The parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

6.    The Consent Judgment will constitute the final judgment in this matter. The Defendants waive the right to appeal from this judgment and will bear their respective costs, including any attorney's fees or other expenses of this litigation.

7.    This Court should retain jurisdiction over this matter for the purpose of implementing and enforcing this Consent Judgment. If Defendants violate the Consent Judgment, Plaintiffs reserve all rights including, without limitation, to obtain a restraining order, preliminary injunction, or to seek damages, declarative, or injunctive relief for any violation of this Consent Judgment.

8.    Unless defined in this Stipulation, capitalized terms shall contain the same meaning as defined by the parties in their MOU. For purposes of this Stipulation, the parties agree that "Trade Secret" shall mean information, including, without limitation, a formula, pattern, compilation, program, device, method, technique, product, system, process, design, prototype, procedure, computer programming instruction or code that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by the public or any other persons who can obtain commercial or economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

9.    For purposes of this Stipulation, the parties agree that "Confidential Information" means, with respect to either Plaintiff, information accessible to or created while George and Wiley were employed by MacDonald, treated as confidential, and subject to reasonable safeguards to limit access to the information, except that Confidential Information will not include information that is publicly available without breach of any agreement or which is disclosed by a third party that has a right to disclose such information (i.e., without breach of any agreement or

violation of law by the third party). The parties agree that certain documents or materials include and/or shall be treated as Confidential Information provided that such documents or materials have not been made publicly available without breach of any agreement or which is disclosed by a third party that has a right to disclose such information, as enumerated by the parties' MOU fully executed as of June 25, 2021 ("MOU") at paragraph 1(p)(i)-(xviii).

10. For purposes of this Stipulation, the parties agree that the term "Agreed Project List" means the list provided by MacDonald to Defendants of no more than sixteen (16) projects in MacDonald's active pipeline of upcoming projects that are either actively in the process of bidding or are expected to come up for bid within approximately the next year, generated from the list of CRM Opportunities previously maintained by George, meeting the following criteria: (a) Job type is either sale of new boiler(s) (with or without labor) including replacement boiler, new equipment sales/installation but not service contracts or "aftermarket" jobs (replacement of parts and/or repairs); (b) Job must not already be awarded to Sierra Boiler or Pyro as of the effective date of the MOU; and (c) the Job cannot be physically located in Clark County. A redacted copy of the Agreed Project List is attached hereto as Exhibit 1.

11. The parties, after consultation with independent counsel of their choice, agree that the Agreed Project List and the below restraints are reasonable, narrowly tailored in scope, anticipated duration, and geographic territory (i.e., where Wiley and George serviced customers of Plaintiffs during the final year of their employment), and are necessary to protect Plaintiffs' legitimate business interests including their Trade Secret and Confidential Information in Defendants' possession. Therefore, the parties each agree to the terms of the Consent Judgment set forth below:

## CONSENT JUDGMENT ORDER

The Court, having reviewed the parties' Stipulation, and good cause appearing therefore, GRANTS the requested Consent Judgment as follows:

**IT IS ORDERED** that Defendants shall turn over all of the Plaintiffs' Confidential Information and Trade Secrets that are contained in or on any of their personal email accounts, devices, iCloud account(s) and DropBox account(s) by providing access to such accounts and

{3203751.DOCX:}  4

devices to an expert retained by the parties, Global Digital Forensics, who is authorized to delete, permanently purge, and render unrecoverable the documents and files containing Confidential Information and/or Trade Secrets.

**IT IS FURTHER ORDERED** that Defendants shall return to MacDonald's counsel or Cleaver-Brooks' counsel, respectively, hard copies of any and all of MacDonald's and/or Cleaver-Brooks' Confidential Information and/or Trade Secrets in their possession, including any item listed at 1(p)(i)-(xvii) of the MOU, and any notes or derivative materials Defendants generated based on such materials.

**IT IS FURTHER ORDERED** that, since Defendants took Trade Secret and Confidential Information, and are in possession of (i) Cleaver-Brooks' training and certification materials and (ii) MacDonald's project pipeline/opportunities list, Plaintiffs' pricing information, and MacDonald's "target list" of upcoming projects for Plaintiffs' Customer(s), which MacDonald information is projected to retain its relevance and competitive advantage for at least one year, Defendants shall not participate in, pursue, bid, or otherwise request or accept an award of a contract to perform work on any of the 16 projects identified on the Agreed Project List, including if the "Topic" (as described on the Agreed Project List) or scope of the project may vary or differ from the anticipated scope or Topic currently identified, until such project is "Completed" as defined in the MOU. Once the project has been Completed, Defendants will not be prohibited from seeking a contract to service the boiler or equipment that is discussed on a going forward basis. Any Customer who contacts any Defendant to bid on such project, shall be immediately informed by Defendant(s) that Defendants are contractually precluded from performing the work or bidding on the project.

**IT IS FURTHER ORDERED** that, to the extent that any Defendant has knowledge of Plaintiffs' Trade Secrets and/or Confidential Information (notwithstanding return/destruction of documents), each Defendant shall not directly or indirectly use or disclose such information.

**IT IS FURTHER ORDERED** that Wiley and/or George shall notify any new or other employer or principal of the existence of but not the contents of the Agreed Project List for so long as any project on the Agreed Project List is not "Completed" and to immediately notify

{3203751.DOCX:} 5

Plaintiffs' counsel in writing if he/she becomes hired by another competitor of Plaintiffs, so that Plaintiffs' counsel can, in turn, confirm that his/her new or other employer or principal understands the foregoing limitations and obligations.

**IT IS FURTHER ORDERED** that, if George and Wiley are asked by any subsequent or other employer or principal to participate in any way to obtain for that employer or principal a project on the Agreed Project List, Wiley or George shall advise the employer or principal that he/she is prohibited from directly or indirectly participating in any manner in the marketing, solicitation, project development, project design/engineering, or communications (including being listed as a cc, participating on calls, participating in lunches or client visits, participating in preparation of request for proposal (RFP) responses or "pitch" materials or being listed on such materials) for that project, pursuant to the Agreement, but Wiley and George shall not disclose the remaining contents of the Agreed Project List.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for purposes of implementing, enforcing and adjudicating any other dispute arising out of, or in connection with, the parties' MOU, Settlement Agreement or this Judgment and Order.

**IT IS FURTHER ORDERED** that Defendants shall be jointly and severally obligated to pay Plaintiffs the sum of $115,000 as partial reimbursement of Plaintiffs' legal fees, within five (5) days of execution of the Settlement Agreement.

**IT IS FURTHER ORDERED** that Defendants shall timely pay the costs of the expert's services as set forth in the parties' MOU at paragraph 4-8.

**IT IS FURTHER ORDERED** that this is a final judgment that resolves all outstanding claims between the parties.

**IT IS SO ORDERED.** The Clerk is hereby directed to enter Judgment, pursuant to Rule 58(b)(2) of the Federal Rules of Civil Procedure.

Dated: July 21, 2021

_____
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND CONTENT THIS 19th DAY OF JULY, 2021 BY:**

| | |
|---|---|
| McDONALD CARANO LLP | WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN |
| /S/ *Leigh Goddard* <br> Leigh Goddard <br> Jane Susskind <br> 100 W. Liberty St., 10th Floor <br> Reno, Nevada 89501 <br> Tel: (775) 788-2020 <br> *Attorneys for Plaintiffs* | /S/ *Shauna N. Correia* <br> Shauna N. Correia <br> James Kachmar <br> 475 Sansome St., Suite 510 <br> San Francisco, CA 94111 <br> Tel: (415)772-9655 <br> *Attorneys for Plaintiff R.F. MacDonald Co.* |
| LINDNER & MARSACK, S.C. | SIMONS HALL JOHNSTON PC |
| /S/ *Sally A. Piefer* <br> Sally A. Piefer <br> *Admitted Pro Hac Vice* <br> 411 E. Wisconsin Ave., Suite 1800 <br> Milwaukee, WI 53202 <br> Tel: (414) 273-3910 <br> *Attorneys for Plaintiff Cleaver-Brooks, Inc.* | /S/ *Jonathan A. McGuire* <br> Anthony L. Hall <br> Jonathan A. McGuire <br> 6490 S. McCarran Blvd., Ste. F-46 <br> Reno, Nevada 89509 <br> Tel: (775) 785-0088 <br> *Attorneys for Defendants* |
| PLAINTIFF R.F. MACDONALD CO. | PLAINTIFF CLEAVER-BROOKS, INC. |
| /S/ *James D. MacDonald* <br> James D. MacDonald, its CEO | /S/ *Michael P. Donahue* <br> Michael P. Donahue, its VP, Account Management |
| DEFENDANT SIERRA BOILER SERVICE, INC.; | DEFENDANT PYRO COMBUSTION AND CONTROLS, INC. |
| /S/ *Candice George* <br> Candice George, its President | /S/ *Gary Pfizenmayer* <br> Gary Pfizenmayer, its President |
| DEFENDANT CANDICE GEORGE | DEFENDANT GARY PFIZENMAYER |
| /S/ *Candice George* | /S/ *Gary Pfizenmayer* |
| DEFENDANT THOMAS WILEY | |
| /S/ *Thomas Wiley* | |

{3203751.DOCX:}     7

**EXHIBIT A: AGREED PROJECT LIST (REDACTED)**

CONFIDENTIAL AND SETTLEMENT PRIVILEGED. DO NOT DISTRIBUTE.
INADMISSIBLE FOR ANY PURPOSE FRE 408

| EndUser | Topic | Act Quote Date | Est Ship Date | Est. Revenue | City | County |
|---|---|---|---|---|---|---|
| Redacted - Confidential | Redacted 13th FL PVI Replacement | 06/04/18 | 08/06/21 | 45,850 | Reno | Washoe |
| | Redacted 19th FL PVI Replacement | 04/02/20 | 03/12/21 | 38,444 | Reno | Washoe |
| | Redacted at - Redacted 1 HW Boiler Replacement Redacted pt (# 031-157-031-29-08) | 07/23/20 | 04/05/21 | 39,139 | Sacramento | Sacramento |
| | Redacted HP IWT Budget | 12/12/19 | 02/04/22 | 1,785,209 | Carlin | Elko |
| | Redacted Redacted Boiler Replacement (Serial #'s A04G0488 & A04F04791) | 08/30/19 | 06/07/21 | 55,415 | Carson City | Carson |
| | Redacted Building 104-4 Boiler Replacement | 06/18/20 | 08/06/21 | 193,911 | Hawthorne | Mineral |
| | Redacted 20 HP CFH (Bldg. 299, Fulton Pulse Boiler Model plp 750 NB#B6046) | 07/10/20 | 07/23/21 | 78,006 | Fallon | Churchill |
| | Redacted - MSM-700-5000-200HW | 02/11/20 | 11/05/21 | 118,997 | Elko | Elko |
| | Redacted Phoenix - New Boiler Options | 01/07/20 | 07/05/21 | 466,053 | Battle Mountain | Lander |
| | Redacted Redacted -152798 New IWT Boilers | | 12/10/21 | 2,405,292 | Golconda | Humboldt |
| | Redacted Redacted Steam Plants | 05/13/20 | 07/09/21 | 716,512 | | Humboldt |
| | Redacted 1 - Phase 2 Domestic Boiler Replacement | 02/25/20 | 05/31/21 | 46,969 | W. Wendover | Elko |
| | Redacted Redacted CUP and Material Management Building | 05/01/20 | 02/04/22 | 1,800,000 | Reno | Washoe |
| | Redacted Specialty Care Center | | | 1,000,000 | Reno | Washoe |
| | Redacted Digester Boiler Budget | 06/04/18 | 02/04/22 | 755,861 | Reno | Washoe |
| | Redacted 1 - Fire Room Booster Pump | 03/06/20 | 04/05/21 | 39,349 | Reno | Washoe |

Signature: *Gary Pfizenmayer*
Gary Pfizenmayer (Jul 19, 2021 09:24 PDT)

Email: gary@pyrocombustion.com

Signature: *Tom Wiley*
Tom Wiley (Jul 19, 2021 09:50 PDT)

Email: tom@sierraboiler.com

APPROVED AS OF JULY 15, 2021 BY:

*CMG* Candice George  (for herself and Sierra Boiler Service, Inc.)

GP  Gary Pfizenmayer (for himself and Pyro Combustion and Controls, Inc.)

TW  Thomas Wiley

# Agreed protected list 7-15-2021

Final Audit Report                                                             2021-07-19

| | |
|---|---|
| Created: | 2021-07-19 |
| By: | Candice George (candice@sierraboiler.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAatvGUONMdsu39iSDtfPBkx2IGcOSZetW |

## "Agreed protected list 7-15-2021" History

- 📄 Document created by Candice George (candice@sierraboiler.com)
  2021-07-19 - 2:28:00 PM GMT- IP address: 216.163.197.189

- ✉️ Document emailed to Gary Pfizenmayer (gary@pyrocombustion.com) for signature
  2021-07-19 - 2:28:26 PM GMT

- 📄 Email viewed by Gary Pfizenmayer (gary@pyrocombustion.com)
  2021-07-19 - 4:21:52 PM GMT- IP address: 174.195.132.224

- ✍️ Document e-signed by Gary Pfizenmayer (gary@pyrocombustion.com)
  Signature Date: 2021-07-19 - 4:24:21 PM GMT - Time Source: server- IP address: 174.195.132.224

- ✉️ Document emailed to Tom Wiley (tom@sierraboiler.com) for signature
  2021-07-19 - 4:24:23 PM GMT

- 📄 Email viewed by Tom Wiley (tom@sierraboiler.com)
  2021-07-19 - 4:31:00 PM GMT- IP address: 174.248.177.144

- ✍️ Document e-signed by Tom Wiley (tom@sierraboiler.com)
  Signature Date: 2021-07-19 - 4:50:34 PM GMT - Time Source: server- IP address: 174.208.105.122

- ✅ Agreement completed.
  2021-07-19 - 4:50:34 PM GMT

**Adobe Sign**